UNITED STATES, Appellee,

v.

Private E2 Angela L. JAMES, United States Army, Appellant.

ARMY 9601113.

U.S. Army Court of Criminal Appeals.

8 Dec. 1997.

For Appellant: Captain Thomas Jay Barrett, JA (argued); Colonel John T. Phelps II,

JA; Major Leslie A. Nepper, JA (on brief); Lieutenant Colonel Michael L. Walters, JA.

For Appellee: Captain Mary E. Braisted, JA (argued); Colonel Joseph E. Ross, JA; Lieutenant Colonel Frederic L. Borch III, JA; Major Randy V. Cargill, JA, USAR (on brief); Captain Elizabeth N. Porras, JA.

Before COOKE, KAPLAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

KAPLAN, Judge:

A military judge sitting alone as a general court-martial found the appellant guilty, in accordance with her pleas, of willfully disobeying the lawful command of a superior commissioned officer, making false official statements to U.S. Army Criminal Investigation Command agents (two specifications), and making and uttering numerous checks without sufficient funds (five specifications), in violation of Articles 90, 107, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 907, and 923a (1988) [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, confinement for sixty days, forfeiture of all pay and allowances, reduction to Private E1, and a $1000.00 fine. The convening authority, on the advice of his staff judge advocate,[1] reduced the forfeitures to $577.00 pay per month for six months and otherwise approved the sentence as adjudged.

This case is before the court for automatic review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We have considered the record of trial, the appellant's three assignments of error, the matter personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), the government's reply thereto, and the oral arguments of counsel presented 13 November 1997. We find appellant's first assignment of error to be meritorious and will grant appropriate relief.[2]

Appellant alleges that the military judge committed prejudicial error when he denied a defense motion for appointment of a formal sanity board pursuant to the provisions of R.C.M. 706. Prior to trial, the defense counsel submitted a motion for a sanity board and detailed the rationale for such request. He indicated the apparently abnormal behavior of the appellant that he had personally observed, including the inability to respond coherently to his questions and to make necessary decisions regarding the defense of her case. Upon receipt of the defense motion, the trial counsel arranged for the appellant to be given a "mental status evaluation." This evaluation was performed by a mental health counselor who was not a physician, psychiatrist, or clinical psychologist. The evaluation consisted of a one-half hour interview; no psychological testing was performed. The evaluation report consisted of a one-page "check-the-blocks" form.[3] The counselor was not provided with a copy of the defense counsel's motion, and thus, was not made aware of the defense counsel's specific concerns prompting the mental status evaluation; he was told only that the appellant was pending court-martial proceedings and had begun to neglect her personal hygiene and military duties. Nor was the counselor provided with the list of required findings set forth in R.C.M. 706(c)(2). Finally, the counselor had never previously assisted in the

---

1. The staff judge advocate advised the convening authority that approval of forfeiture of all pay and allowances would contravene the guidance contained in Rule for Courts–Martial 1107(d)(2) [hereinafter R.C.M.] that a soldier should not be deprived of more than two-thirds pay unless that soldier was in a confinement status.

2. Our resolution of this issue renders it unnecessary to address at this time the remaining assignments of error and the *Grostefon* contention.

3. The form did not include separate and distinct findings as to the four questions specified in R.C.M. 706(c)(2), to wit: (1) Did the accused, at the time of the alleged offenses, have a severe mental disease or defect? (2) What is the clinical psychiatric diagnosis? (3) Was the accused, at the time of the alleged offenses and as a result of such severe mental disease or defect, unable to appreciate the nature and quality or wrongfulness of her conduct? (4) Does the accused have sufficient mental capacity to understand the nature of the proceedings and to conduct or cooperate intelligently in the defense? At most, the form attempted to answer the fourth question in summary fashion.

proceedings of a sanity board ordered pursuant to R.C.M. 706.

In *United States v. Collins*, 41 M.J. 610, 612 (Army Ct.Crim.App.1994), a case legally indistinguishable from appellant's, this court held that:

> When a defense counsel requests a sanity board based on a non-frivolous, good-faith claim that an accused lacks mental capacity to stand trial, the military judge cannot rule finally on that issue pursuant to R.C.M. 909 without first considering the report of a sanity board conducted in accordance with R.C.M. 706 or an *equivalent forensic mental evaluation. United States v. Jancarek*, 22 M.J. 600 (A.C.M.R.1986), *pet. denied*, 24 M.J. 42 (C.M.A.1987) (citing *United States v. Nix*, 15 U.S.C.M.A. 578, 36 C.M.R. 76 [1965 WL 4788] (1965)); *United States v. Kish*, 20 M.J. 652 (A.C.M.R.1985) (also citing *Nix* ).

(Emphasis added and footnote omitted).

The *Collins* decision, relying on *Jancarek*, went on to identify four conditions which, if met, would establish that a mental status evaluation was the equivalent of a R.C.M. 706 sanity board. These conditions are:

> specific psychiatric testimony concerning the appellant's capacity to understand the nature of criminal proceedings and to cooperate in her defense at a court-martial; a description of the examiner's familiarity with forensic evaluation or participation in previous sanity boards; [3] other evidence that the examiner attempted to perform an in-depth forensic evaluation of the sort contemplated by R.C.M. 706; and [4] indication that the examiner was informed of the reasons for doubting the mental capacity of the accused as called for by R.C.M. 706(c).

*Collins*, 41 M.J. at 613. Additionally, in establishing equivalency, we note that R.C.M. 706(c)(1) requires that all members of a sanity board be either physicians or clinical psychologists. Thus, a mental status evaluation, if it is to qualify as a forensic evaluation having the equivalency of a sanity board for court-martial purposes, must be conducted by a person possessing the mandated professional qualifications.

Applying the analytical framework of *Collins* to the case at bar, we first find that the defense request for a sanity board was not frivolous and was made in good faith. Second, we find that the mental status evaluation that was done was not the equivalent of a sanity board. Concerning this second line of inquiry, we note that even a cursory review of the circumstances attendant to appellant's evaluation leads unavoidably to the conclusion that the mental status evaluation performed in appellant's case fell far short of meeting the *Jancarek/Collins* sanity board equivalency requirements. In addition, the R.C.M. 706(c)(1) requirement that all members of the sanity board be either physicians or clinical psychologists was not met in this case. Accordingly, we conclude, as did the *Collins* court, that a hearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967), is necessary to resolve the issue of the appellant's mental competency at the time of her court-martial.

The record of trial is returned to The Judge Advocate General for transmittal to an appropriate convening authority who shall order an evidentiary hearing before a military judge. The military judge will order a sanity board pursuant to R.C.M. 706 to determine the appellant's mental capacity at the present time and, if possible, at the time of trial. After consideration of the full report of the sanity board, the military judge will hear the contentions of the parties and enter findings of fact and conclusions of law.

If the military judge finds that the appellant possessed appropriate mental capacity at the time of trial, the convening authority will return the record to this court for further review. If the military judge finds that the appellant is presently mentally competent, but either (1) the appellant lacked mental capacity at the time of trial, or (2) that the sanity board is unable to determine the appellant's mental capacity at that former time, then the convening authority may order a full rehearing on the charges.

If the military judge finds that the appellant currently lacks mental competence and

was also lacking in mental capacity at the time of trial, then the convening authority may: (1) suspend the proceedings, (2) disapprove the findings and sentence and dismiss the charges and specifications, or (3) take any administrative action determined to be appropriate. Thereafter, the record shall be returned to this court for further review. *See* R.C.M. 909(c)(2) discussion. If an evidentiary hearing or, if required, a rehearing on the charges and sentence, is determined by the convening authority to be impracticable, then the convening authority shall return the record to this court with an explanation as to that determination.

Chief Judge COOKE and Judge GONZALES concur.